**O**

# United States District Court
# Central District of California

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST; AMERICAN STRATEGIC INSURANCE CORPORATION; MILBANK INSURANCE COMPANY; and MERIDIAN SECURITY INSURANCE COMPANY; on their own behalves and behalf of all other similarly situated insurance companies which underwrite property insurance coverage in the United States,<br><br>          Plaintiffs,<br>    v.<br>GREE USA, INC.; GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI; HONG KONG GREE ELECTICAL APPLIANCE SALES, LTD.; and MJC, AMERICA, LTD.,<br>          Defendants. | Case No. 2:16-cv-06769-ODW-JC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [34]** |

## I. INTRODUCTION

Before the Court is Defendants Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, and Hong Kong Gree Electric Appliance Sales, Ltd.'s (collectively for purposes of this Order, "Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 34.) For the reasons discussed below, the Court **DENIES** Defendants' Motion.[1]

## II. FACTUAL BACKGROUND

This case is a putative class action brought by Plaintiffs Homesite Insurance Company of the Midwest, American Strategic Insurance Corporation, Meridian Security Insurance Company, and Milbank Insurance Company (collectively, "Plaintiffs"), on their own behalves and on behalf of all other similarly situated insurance companies which underwrite property insurance coverage in the United States. Plaintiffs allege that Defendants all played various roles in manufacturing and distributing defective dehumidifiers that caused house fires throughout the United States. (First Am. Compl. ("FAC") ¶¶ 36–55, ECF No. 30.) Plaintiffs allege that those dehumidifiers were recalled on September 12, 2013, as serious fire hazards.[2] (*Id.* ¶ 70.)

Plaintiffs state that insured victims of the dehumidifier fires filed claims related to the fires after suffering property damage. (*Id.* ¶¶ 92, 101, 110, 119, 128, 137.) Plaintiffs allege that because they incurred adjustment and claim expenses which they would not otherwise have incurred as a result of the fires, they are subrogated to the claims of their insureds and are entitled to recover damages from Defendants. (*See id.* ¶¶ 93–94, 102–104, 111–113, 120–122, 129–131, 138–140.) Plaintiffs assert causes of action for declaratory relief, negligence, violation of CLRA, California Civil Code §§ 1750 *et seq.*, violation of California Business and Professional Code §§ 17200 *et*

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] The number of overheating events and fires caused by these dehumidifiers is alleged to be at least in the range of several hundred. (*See id.* ¶¶ 75–76.)

*seq.*, and strict product liability. (*See* FAC.)

Defendants base their Motion to Dismiss on two separate grounds: first, thatPlaintiffs do not have standing to assert their causes of action on their own behalves or behalf of unnamed plaintiffs; and second, that Plaintiffs' various causes of action do not state cognizable claims upon which relief can be granted. (*See generally* Mot.)

### III. LEGAL STANDARD

Federal Rule 12(b)(1) allows a party to raise the defense of subject matter jurisdiction in a Motion to Dismiss. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Article III restricts the federal "judicial power" to the resolution of "Cases" and "Controversies," and this case-or-controversy requirement is met where the plaintiff has standing to bring his or her suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To satisfy Article III standing, a plaintiff must show that (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868–69 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000)). If a plaintiff fails to show that he has standing, his case should be dismissed. *See Lyons*, 461 U.S. at 101.

In addition, a court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and

plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

The Court finds that Defendants' arguments fail under both Rules 12(b)(1) and 12(b)(6).

**A.  Rule 12(b)(1)**

Defendants advance two theories as to why Plaintiffs do not have standing in this action. First, Defendants argue that Plaintiffs' claims improperly seek relief beyond the amount of insurance proceeds actually paid. (Mot. 6–7.) Defendants suggest that this is a deficiency in the "injury in fact" requirement for Article III standing. *See Bernhardt*, 279 F.3d at 868–69. Because Plaintiffs seek not only recovery of the insurance proceeds but also declaratory and injunctive relief, punitive damages, attorneys' fees and costs, and other damages, Defendants point to case law stating that a subrogating insurance company is entitled only to losses actually paid by the insurer. *See, e.g.*, *Pac. Gas & Elec. Co. v. Sup. Ct.*, 144 Cal. App. 4th 19, 24 (2006); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 596 F. Supp. 2d 1314, 1320–21 (C.D. Cal. 2008).

4

However, Defendants cherry-pick the portions of the cases they cite; the rule is not so limited. In reality, when an insurer subrogates the rights of the insured, it steps into the shoes of the insured and can thus seek damages and relief beyond simply the amount the insurer paid out. *See Public Serv. Mut. Ins. Co. v. Liberty Surplus Ins. Co.*, 51 F. Supp. 3d 937, 950–51 (E.D. Cal. 2014) (holding that a carrier that steps into the insured's shoes has an equitable right to any claim the insured might have had). Thus, Defendants' argument is misleading and fails.

Second, Defendants argue that the putative (and as of now, unnamed) class members do not have standing because they have only "inchoate claims and have not sustained injury-in-fact." (Mot. 7.) Here, too, Defendants misunderstand and misrepresent the law. As Plaintiffs correctly point out, a standing inquiry assesses only the standing of the named class representatives. (Opp'n 5, ECF No. 35); *see Manuel De Jesus v. Joseph M. Arpaio*, 784 F.3d 1256, 1261 (9th Cir. 2015) ("once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded"); *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 535–36 (N.D. Cal. 2012) ("it is improper for the court to analyze unnamed class members' Article III standing where defendants do not successfully challenge the putative class representative's standing" (internal quotation marks and brackets omitted)). Defendants have not done so here, and as such, the Court rejects their arguments regarding standing in this action.

**B.  Rule 12(b)(6)**

In support of a Rule 12(b)(6) dismissal, Defendants argue that their alleged actions are not sufficiently tied to California such that California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") are unavailable as causes of action. (Mot. 9.) Defendants point to case law stating that the UCL and the CLRA do not apply to actions occurring outside of California that injure non-

residents.[3] *See Ice Cream Dist. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. C-09-5815 CW, 2010 WL 3619884 (N.D. Cal. Sept. 10, 2010) (referring to the UCL); *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014) (referring to both the UCL and the CLRA).

Defendants concede that there is an exception to the rule against extraterritorial application of the UCL and the CLRA: where the plaintiff can make a showing that the conduct giving rise to liability took place in California. (Mot. 9–10); *Bernstein v. Virgin Am. Inc.*, No. 15-v-2277-JST, 2017 WL 57307, at *7 (N.D. Cal. Jan. 5, 2017). But according to Defendants, the only relevant conduct occurring in California is Gree USA's alleged incorporation within the state. (Mot. 10.)

Defendants bizarrely and brazenly ignore numerous allegations of California-based conduct in Plaintiffs' FAC. To name only a few alleged instances of Defendants' conduct in California, Plaintiffs claim that: Defendant Gree China approached Defendant MJC in California for purposes of using MJC's brand as an entry way into the US retail appliance market; Gree China sent employees to California to meet with MJC; Gree China and Gree Hong Kong sold at least 421,000 dehumidifiers to MJC in California so that MJC could distribute them to other US retailers; employees of Gree China traveled to California to convince Gree USA and MJC not to report the dehumidifier fires; in 2012, MJC and Gree USA's decisions about whether to place a sales hold on the dehumidifiers took place in California; and in 2013, the companies made their decision in California to release the sales hold. (*See* FAC ¶¶ 16, 17, 19, 79, 80, 66–69.) In sum, Plaintiffs allege that the entire network of the dehumidifier sales and decision making in the US was based in California, which Defendants fail to even address in their Motion. Therefore, the Court finds no lack of California-based conduct giving rise to claims under the UCL and CLRA.

---

[3] Plaintiffs allege dehumidifier fires that took place in Georgia, Wisconsin, Indiana, and Minnesota. (*See* FAC ¶¶ 81–116.)

Defendants' other argument in support of dismissal is similar to their "injury in fact" standing argument: that the Plaintiff insurers cannot subrogate the rights of their insureds. (Mot. 9–11.) They can.

Defendants claim that under California Civil Code § 1760, the CLRA applies only to consumers, and thus, insurers cannot state claims for its violation. (Mot. 11.) Defendants do not cite any law for this proposition, other than cases holding that a plaintiff's reliance on an allegedly misleading statement is a necessary element of a CLRA claim. *See Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993); *Dorsey v. Rockhard Labs., LLC*, No. CV 13-07557 DDP RZX, 2014 WL 4678969, at *2 (C.D. Cal. Sept. 19, 2014). Based on Defendants' logic, because the *plaintiff's* reliance on a misleading statement is a necessary element of a CLRA claim, an insurer can never fulfill that element. (*See* Mot. 11.)

This argument wholly ignores relevant law on insurers' rights to subrogate. *See Allstate Ins. Co. v. Loo*, 46 Cal. App. 4th 1794, 1799 (1996) ("an insurer/subrogee paying for a loss has the right to pursue *its insured's rights and remedies* against the third party causing the loss" (emphasis added)). Further, CLRA rights are assignable, mooting Defendants' argument that the actual plaintiff must have relied on a misleading statement. *See Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 960 (2005).

This example is one of many occasions on which Defendants misrepresented and attempted to hide relevant law in briefing the pending motion. As such, the Court **ORDERS** Defendants Gree USA, Inc., Gree Electric Appliances, Inc. of Zhuhai, and Hong Kong Gree Electric Appliance Sales, Ltd. to show cause, in writing, no later than **June 5, 2017**, as to why the Court should not sanction them with a penalty of $500 for misrepresenting the law as it pertains to insurer's rights to subrogate the rights of insureds.[4] *See Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d

---

[4] Specifically, counsel should address their reasons for raising the argument that insurers cannot step into their insureds' shoes for purposes of CLRA claims (Mot. 11), failing to cite any law supporting

7

944, 977 (E.D. Cal. 2005) ("Each time a party submits a filing, the attorney personally certifies the contents both as to reasonable factual investigation and legal research").

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss. (ECF No. 34.)

**IT IS SO ORDERED.**

May 24, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

that argument, and ignoring prevailing law to the contrary such as *Allstate Ins. Co. v. Loo*, 46 Cal. App. 4th 1794, 1799 (1996).